THE PEOPLE *ex rel.* Oscar Hebel *et al.* Appellants, *vs.* F. D. MEACHAM *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. TAXES—*tax-payer who has failed to file schedule may have assessment reviewed by board of review.* Paragraph 329 of the Revenue act, relating to the review of assessments by the board of review, includes the review by such board of an assessment of personal property made by the board of assessors, under paragraph 313 of such act, against a person who failed or refused to file a schedule, for which failure the board of assessors has added a fifty per cent penalty to the assessment made by it against such person.

2. SAME—*jurisdiction of board of review is revisory.* Where the board of review reviews an assessment of personal property made by the board of assessors its jurisdiction is revisory and not original in character, and while it may affirm the action of the board of assessors or raise or lower the assessment in such manner "as shall appear to be just" it has no arbitrary discretion, and has no power to relieve a tax-payer of the penalty imposed by the board of assessors for failure to file a schedule.

3. SAME—*rule where the board of review changes assessment carrying a penalty.* If the board of review raises or lowers an assessment of personal property made by the board of assessors which carries a fifty per cent penalty for failure of the tax-payer to file a schedule, it must add to the "fair cash value" of such property, as determined by it, fifty per cent of such value and extend the aggregate of these two amounts as the corrected assessment.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN C. RICHBERG, (RICHBERG & RICHBERG, of counsel,) for appellants:

It is the mandatory duty of the board of assessors to impose a fifty per cent penalty upon property owners who refuse to schedule their property. *Peirce* v. *Carlock,* 224 Ill. 608; Hurd's Stat. 1908, chap. 120, secs. 24, 313; *Siegfried* v. *Raymond,* 190 Ill. 424.

The board of review has only the powers specifically defined by statute, and no implied powers except such as are necessary. 27 Am. & Eng. Ency. of Law, (2d ed.) 711.

The board of review has been granted no specific power to impose or remit penalties or to revise penal valuations. Hurd's Stat. 1908, chap. 120, sec. 329; *Condit* v. *Widmayer,* 196 Ill. 623.

No implied power has been given the board of review to deal with penalties or penal valuations. Such implication would be contrary to public policy. *Peirce* v. *Carlock,* 224 Ill. 608; *Bartlett* v. *Wilson,* 59 Vt. 23; *State* v. *Apgar,* 31 N. J. L. 358; *Charleston* v. *County Comrs.* 101 Mass. 87; *Adler* v. *Whitbeck,* 44 Ohio St. 539.

The absence of a specific grant of power makes the lack of authority clear in a body of such limited jurisdiction as the board of review, hence the doctrine of acquiescence does not apply. *Whittemore* v. *People,* 227 Ill. 453.

HERBERT S. DUNCOMBE, and FRANK L. SHEPARD, for appellees:

The statute provides that the board of review may, upon the application of any tax-payer or upon its own motion, revise the entire assessment, or any part thereof, of any tax-payer, and correct the same as shall appear to it to be just. It shall assess all property not assessed by the assessors, and alter the descriptions of property when deemed

necessary. It provides that on complaint that any property is incorrectly assessed the board shall review the assessment and correct the same as shall appear to be just, and that it may increase, reduce or otherwise adjust the assessment of any individual or corporation on real property or personalty, making changes in the valuations thereof as may be just, and shall have full power over the assessment of any individual or corporation, and may do anything in regard thereto that it may deem necessary to make a just assessment. These provisions not only empower the board of review to act in these cases, but make it the mandatory duty of the board to do so. Hurd's Stat. 1908, chap. 120, secs. 33-35; *Beidler* v. *Kochersperger,* 171 Ill. 563; *Kinley Manf. Co.* v. *Kochersperger,* 174 id. 379; *Kochersperger* v. *Larned,* 172 id. 86; *Clock Co.* v. *Kochersperger,* 175 id. 383; *Felsenthal* v. *Johnson,* 104 id. 21; *Loewenthal* v. *People,* 192 id. 222; 2 Cooley on Taxation, (3d ed.) 1359.

The board of assessors is not bound by the schedule filed by the tax-payer but may assess additional property to such tax-payer, and may also increase the valuation of the property scheduled by him. It follows that the tax-payer is not precluded from a hearing before the board of review by a failure to file a schedule with the board of assessors. The schedules were disregarded by the board of assessors and the assessments made in higher amounts in the following cases: *Ayers* v. *Widmayer,* 188 Ill. 121; *Coxe Bros.* v. *Salomon,* id. 571; *Scripps* v. *Board of Review,* 183 id. 278; *Railway Co.* v. *Miller,* 72 id. 144; *Tolman* v. *Raymond,* 202 id. 197; *Railway Co.* v. *People,* 195 id. 184.

The board of review is not bound by the schedule filed by a tax-payer with the board of assessors. It may, on its own motion or the complaint of another, review and increase the assessment of any tax-payer, notwithstanding the fact that such tax-payer has filed a schedule with the board of assessors and such schedule has been adopted by that board as its valuation and assessment of his property.

It follows that the board of review may review and reduce an assessment, which may or may not include a penalty, made by the board of assessors where the tax-payer has filed no schedule. Its power is full, adequate and complete. The schedules and assessments based thereon were disregarded and the assessments increased by the board of review in the following cases: *Tolman* v. *Salomon,* 191 Ill. 202; *Express Co.* v. *Raymond,* 189 id. 232; *Earl & Wilson* v. *Raymond,* 188 id. 15; *Martin* v. *Barnett,* id. 288; *Pratt* v. *Raymond,* id. 469.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition for a writ of *mandamus* filed by the board of assessors of Cook county against the board of review of that county to compel the board of review to remove from the assessment books of the county certain personal property assessments reviewed and corrected by said board of review in the year 1908 and to insert in the place thereof, in said books, the assessments made by said board of assessors for said year. The board of review filed an answer to said petition and the board of assessors a demurrer to said answer, which demurrer was overruled, and the board of assessors having elected to stand by its demurrer, the suit was dismissed, and the board of assessors has prosecuted an appeal to this court.

The pleadings show that in 1908 the board of assessors of Cook county required every person in the county to make, sign, swear to and file with said board the personal property schedule provided for by the statute, and that various persons described in said petition (naming them) neglected and refused to make such schedule or to subscribe and swear to the same and file the same with the board of assessors; that the board of assessors thereupon listed the personal property of such persons, according to its best knowledge, information and judgment, at its fair cash

value, and added to such valuation a penalty of fifty per cent of such valuation, and entered the aggregate of such assessment and penalty in the assessment books of the county as the assessment of said persons and thereafter returned the assessment books, as provided by law; that complaints in writing, alleging that their property had been incorrectly assessed by the board of assessors, were filed with the board of review; that said board of review thereafter reviewed and revised said assessments as to such persons who had neglected and refused to make, subscribe, swear to and file with the board of assessors a schedule of their personal property, and entered upon said assessment books the result of its action in reviewing and revising said assessments as the true assessment of the personal property of such persons, and that as the result of such review and revision the board of review in many instances reduced the assessments of such persons, and in some instances remitted the entire amount of the penalty imposed upon such property owners for a failure to make and file a schedule of their personal property with the board of assessors.

The board of assessors contends that when an owner of personal property, upon the request of the board of assessors, has neglected or refused to make, subscribe and swear to the schedule of his personal property and file the same with the board of assessors, as provided by the statute, and the board of assessors has estimated the value of his personal property in gross, at its fair cash value, and added a penalty of fifty per cent to such valuation and set the same down in the assessor's books as the total personal property assessment of such person, the board of review is bound by the action of the board of assessors and is without jurisdiction or authority to review said assessment or to remit any part of such penalty; while the board of review contends that it has the right to review and revise said assessment the same as any other assessment, and that it may raise or lower the assessment or remit said penalty and correct said

estimate in such manner as to the board of review shall seem just.

The statute (Hurd's Stat. 1908, chap. 120, par. 313,) provides that the board of assessors shall require every person to make, subscribe, swear to and file the schedule provided for by the statute, and that if any person shall neglect or refuse to make and file such schedule or to subscribe and swear to the same, the board of assessors shall list the property of such person, according to its best knowledge, information and judgment, at its fair cash value, and shall add to such valuation an amount equal to fifty per cent of such valuation, which aggregate amount shall be the assessment of such person; and paragraph 329 of said statute provides, on complaint, in writing, that any property described in such complaint is incorrectly assessed, the board of review shall review the assessment and correct the same as shall appear to be just. The language of paragraph 329 is very broad, and, we think it clear, applies to an assessment made under the provisions of paragraph 313. It states that any property which has been incorrectly assessed may be reviewed and corrected by the board of review. We see no reason why a person who has failed to file a schedule should be required to pay taxes upon an amount which is too high or be allowed to escape taxation·by paying taxes upon an assessment which is too low. The penalty fixed by the statute for a failure to file a schedule is, that there shall be added to the "fair cash value" of such person's property "an amount equal to fifty per cent of such valuation," and not that a person failing to file such schedule shall be absolutely bound by the value which the board of assessors may have fixed as the "fair cash value" of his property and an amount equal to fifty per cent of such valuation. Our conclusion is, that the property owner who has failed to file a schedule has the right to have the board of review review and revise his assessment, the same as any other tax-payer.

It is said, however, that the result of this holding will be to permit a tax-payer who has failed to file a schedule and who has been assessed by the board of assessors and had a penalty of fifty per cent of the fair cash value of his property as fixed by the board of assessors added to his assessment, to escape such penalty by filing a complaint with the board of review for a review of his assessment, as it is claimed the board of review has no power to impose a penalty, and if it interferes with the assessment it must necessarily remit the penalty. In other words, if the board of review raises the assessment or lowers the assessment, the assessment as corrected would be the amount of the fair cash value of the property as fixed by the board of review, exclusive of the penalty, the result of which would be to remit the penalty. It is true that the board of review is given no power to impose a penalty for a failure to file a schedule upon property originally assessed by it, such as omitted property. When, however, the board of review revises the assessment of property made by the board of assessors its jurisdiction is revisory and not original in its character, and it may affirm the action of the board of assessors,—that is, it may neither raise nor lower the assessment made by that body, or it may raise or it may lower the assessment. It is, however, required by the statute, in reviewing and revising an assessment, to correct the assessment in such manner "as shall appear to be just,"—that is, according to law,—and no arbitrary discretion is conferred upon that board by the statute, and if a tax-payer has wrongfully failed to file a schedule of his personal property and has incurred a penalty of fifty per cent upon its "fair cash value," the board of review in that instance would not have the right to relieve him of the penalty, but under the statute the board of review, in correcting the assessment so as to make it a just assessment,—that is, a lawful assessment,—would be required to add to whatever amount it found to be the "fair cash value" of the personal

property assessed, an amount equal to fifty per cent of the amount so determined by it as the fair cash value of the property, and to extend upon the assessment books, as corrected by it, the aggregate of those two amounts as the corrected assessment.

We think it clear from an examination of all the provisions of the act of 1898 (Hurd's Stat. 1908, p. 1809,) that it was the intention of the General Assembly that the board of review created by that statute should have the power to review all assessments of personal property made by the board of assessors, and that an assessment made in a case where a schedule had not been filed and where a penalty of fifty per cent of the fair cash value of the property assessed had been added, is not taken out from under the jurisdiction of the board of review by the statute. The statute is general in its terms and confers upon the board of review the right to review and correct assessments in all cases, and as those cases where penalties are imposed for a failure to file a schedule are not excepted from the jurisdiction of the board of review, those cases must be held to be included within the general terms of the statute which confers the right of review upon the board of review. The question of the right to maintain this suit upon the relation of the board of assessors has not been raised or discussed, and the fact that this case has been disposed of on its merits is not to be taken as committing this court to the view that a suit of this character will lie upon the relation of the board of assessors.

Finding no reversible error in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*