## The People of the State of Illinois, Defendant in Error, v. Centaur Motor Company of Illinois, Plaintiff in Error.

### Gen. No. 20,795.

1. TAXATION, § 188*—*what is character of Act of 1898.* The Revenue Act of 1898 (J. & A. ¶¶ 9516-9564) was intended to provide a new system for the assessment of property and not to amend the general revenue act in other particulars.

2. STATUTES, § 148*—*what is effect of revision.* The revision of section 24 of the Act of 1872, as amended by the Act of 1879 (J. & A. ¶ 9238), providing for the listing of property for taxation, by the Act of 1898, sec. 19 (J. & A. ¶ 9534) and the omission of the misdemeanor clause in the former act evidenced a legislative intention to substitute the provisions of the new law for the old upon the subject.

3. TAXATION, § 188*—*how far General Revenue Act affected by Act of 1898.* Section 55 of the Revenue Act of 1898 (J. & A. ¶ 9572), providing that "all provisions of the general revenue law in force prior to the taking effect of this act shall remain in force  *   *   *  except in so far as by this act is otherwise expressly provided," does not mean that all provisions of the prior act shall remain in force unless the act expressly provides otherwise, but that wherever in the Act of 1898 the Legislature has made provision concerning the subject-matter of the Act of 1872, the latter act must fall.

4. TAXATION, § 188*—*what penalty prescribed for failure to file schedule.* The provision in section 19 of the Revenue Act of 1898 (J. & A. ¶ 9534), that if any person shall refuse to make and swear to the schedule required by the act, the assessor shall list his property and add to the valuation of such list an amount equal to fifty per cent. of such valuation, provides for a penalty for such refusal.

5. STATUTES, § 152*—*when impliedly repealed.* When there are two statutes imposing a penalty and the penalty imposed by one is not the same as that imposed by the other, the later statute repeals the earlier.

6. TAXATION, § 188*—*provisions of Act of 1872 relating to filing of schedule repealed.* Section 19 of the Revenue Act of 1898 (J. & A. ¶ 9534), providing for the listing of property for taxation and imposing a penalty for refusal to file the schedule provided for, repeals section 24 of the Revenue Act of 1872 (J. & A. ¶ 9238), making the failure to file such schedule a misdemeanor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed April 26, 1915.

MILLER, GORHAM & WALES, for plaintiff in error.

MACLAY HOYNE and HAYDEN N. BELL, for defendant in error; FRANCIS E. HINCKLEY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment of the County Court imposing a fine of One Hundred and Fifty Dollars against the defendant, the Centaur Motor Company of Illinois, on an information filed by the State's Attorney in the name of the People charging that defendant refused and neglected to list and schedule its personal property for taxation between April 1 and June 1, 1914, in the manner and form required by law with the Board of Assessors of Cook County. Section 24 of the Revenue Act of 1872 was as follows:

"Persons required to list personal property shall make out and deliver to the assessor at the time required a schedule of the numbers, amounts, quantity and quality of all personal property in their possession, or under their control, required to be listed for taxation by them. It shall be the duty of the assessor to determine and fix the fair cash value of all items of personal property."

This section was amended by the Revenue Act of 1879 (J. & A. ¶ 9238) by adding the following provision:

"Any person so required to list personal property who shall refuse, neglect or fail, when requested by the proper assessor to do so, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding $200, and the several assessors shall report any such refusal to the county attor-

ney, whose duty it is hereby made to prosecute the same.'' Laws of 1879, p. 253.

The clause above quoted is the only provision in any revenue act making it a misdemeanor to refuse, neglect or fail to list personal property for taxation. The contention of the defendant in error is that the above quoted misdemeanor clause in the Act of 1872 as amended by the Act of 1879 was not repealed by the Act of 1898. This contention is based on section 55 of the Act of 1898 (J. & A. ¶ 9572), which is as follows:

''All the provisions of the general revenue law in force prior to the taking effect of this act shall remain in force and be applicable to the assessment of property and collection of taxes except in so far as by this act is otherwise expressly provided.''

The act of 1872 is a general revenue act, contains 294 sections and many of its provisions remain unchanged. The Act of 1898 contains 59 sections and relates exclusively to the assessment of property. Section 19 of that Act (J. & A. ¶ 9534) is as follows:

''The assessor shall require every person to make, sign and swear to the schedule provided for by this act. If any person shall refuse to make the schedule herein required, or to subscribe and swear to the same, the assessor shall list the property of such person according to his best knowledge, information and judgment, at its fair cash value, and shall add to the valuation of such list an amount equal to fifty per cent of such valuation. Whoever in making such schedule shall wilfully swear falsely in any material matter shall be guilty of perjury and punished accordingly.''

That the Act of 1898 was intended to provide a new system for the assessment of property and not to amend the general revenue act in other particulars is shown by the provisions of the act, and it was so held in *People v. Knopf,* 183 Ill. 410, where it was said, p. 417:

''The Act of 1898, however, provides for an entire new system of making the assessment, and the basis of it, with new modes of procedure and a new system

of review, and as to that subject it is substantially complete in itself, constituting an entire plan for the making of the assessment.''

In *People v. Town of Thornton*, 186 Ill. 162, it was said, p. 173:

''Where the legislature frames a new statute upon a certain subject matter, and the legislative intention appears from the latter statute to be to frame a new scheme in relation to such subject matter and make a revision of the whole subject, there is in effect a legislative declaration, that whatever is embraced in the new statute shall prevail, and that whatever is excluded is discarded. The revision of the whole subject matter by the new statute evinces an intention to substitute the provisions of the new law for the old law upon the subject. (Black on Interpretation of Laws, p. 116; *Murdock v. Mayor of Memphis*, 20 Wall. 590).'' *People v. Freeman*, 242 Ill. 152.

If the contention of defendant in error is correct, then if the Legislature desired to retain the penalties provided by section 24 as amended in 1879, it was not necessary to provide any penalty for the refusal to list property. That contention is that the penalties provided by the Act of 1879 were continued in force by virtue of section 55. But the Legislature by section 19 of the Act of 1898 undertook to fix the penalties for such refusal to·list, and that section omits the misdemeanor clause. The subject-matter of the assessment of property was revised by the Act of 1898, the provision as to the filing of a schedule was revised and the misdemeanor clause omitted. This, as was held in *People v. Thornton* and in *People v. Freeman, supra,* evidenced a legislative intention to substitute the provisions of the new law for the old upon the subject.

The words of section 55 of the Act of 1898 do not mean that every section of the general revenue law in force prior to the taking effect of the Act of 1898 shall remain in force unless the act expressly provides otherwise, but also means that wherever in the Act

of 1898 the Legislature has made provision concerning the subject-matter of the Act of 1872, the latter act shall fall. Such action on the part of the Legislature evinces an intention that the old law for which the new is substituted shall not remain in force quite as clearly as could an express provision by the Legislature that the old law should not remain in force.

The provision in the Act of 1898 that if any person shall refuse to make and swear to the schedule required by the act, the assessor shall list his property and add to the valuation of such list an amount equal to fifty per cent. of such valuation, clearly provides a penalty for such refusal. *Monticello Seminary v. Board Review Madison Co.*, 249 Ill. 481; *People v. Meacham*, 241 Ill. 415.

When there are two statutes imposing a penalty and the penalty imposed by one is not the same as that imposed by the other, the later statute repeals the earlier. *Gorman v. Hammond*, 28 Ga. 85.

It was clearly the intention of the Legislature to do away with the provision of the Act of 1872, making the failure to file a schedule a misdemeanor, and to leave as the sole penalty therefor the addition of a fifty per cent. valuation, as provided in section 19 of the Act of 1898.

We think that section 24 of the Act of 1872 is repealed by the Act of 1898, and that the defendant in failing to file a schedule of its property in 1914 was not guilty of a misdemeanor.

If upon any ground it could be held that the Act of 1872 was in force in 1914, the evidence, in our opinion, is not sufficient to sustain the conviction. Inasmuch, however, as in our opinion section 24 of the Act of 1872 is not to be extended to cover violations of the Act of 1898, and the judgment must therefore be reversed without remanding the case, we do not deem

it material to point out in what particular the evidence is insufficient to sustain the judgment.

The judgment of the County Court is reversed.

*Reversed.*