THE PEOPLE *ex rel.* Maclay Hoyne, State's Attorney, Appellant, *vs.* HARRY M. FISHER, Appellee.

*Opinion filed June 22, 1916.*

1. STATUTES—*general rule where statute revises subject of former one.* A statute revising the subject matter of a former one, and evidently intended as a substitute for it, operates to repeal the former statute to the extent to which its provisions are revised, although it contains no express words to that effect.

2. SAME—*rule where a portion of a section is omitted on re-enactment.* Where a section of a statute is re-enacted and a portion thereof is omitted there is a presumption of an intention on the part of the legislature to repeal the omitted provision.

3. TAXES—*the Revenue act of 1898 governs subject of assessment of property for taxation.* The Revenue act of 1898 has taken out of the general Revenue law the particular subject of the assessment of property for taxation and the providing of the means therefor, and is a substitute, substantially complete in itself, for the provisions of the general Revenue law on that particular subject. (*People v. Knopf,* 183 Ill. 410, adhered to.)

4. SAME—*effect of section 55 of the Revenue act of 1898.* The effect of section 55 of the Revenue act of 1898, providing that all provisions of the general Revenue law in force prior to the taking effect of the act should remain in force except in so far as was by the act otherwise expressly provided, was to keep in force the provisions of the general Revenue act except where the act of 1898 made a different provision.

5. SAME—*provision authorizing assessor to add fifty per cent where party makes no schedule is a penalty.* The provision of section 24 of the general Revenue act of 1872 (re-enacted in section 19 of the act of 1898) authorizing the assessor to add fifty per cent to his estimated value of the property of a person who has refused or neglected to make a schedule is a provision for a penalty; but the fact that the penalty is collected in the form of a tax on the value of the property, with the penalty added, is not

in violation of the constitutional provision relating to levying taxes by valuation.

6. SAME—*provision of section 24 of Revenue act of 1872 making it a misdemeanor to fail to make a schedule is repealed.* The provision of section 24 of the general Revenue act of 1872, as amended in 1879, making it a misdemeanor for a person to refuse, neglect or fail to file a schedule when requested by the proper assessor, was omitted when such section was re-enacted as section 19 of the Revenue act of 1898, and is repealed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

MACLAY HOYNE, State's Attorney, (HENRY A. BERGER, IRWIN N. WALKER, PATRICK J. MURPHY, and HAYDEN N. BELL, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (DAVID T. ALEXANDER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of Cook county, in the name of the People of the State of Illinois, filed a petition in this case in the circuit court of that county for a writ of *mandamus* commanding Harry M. Fisher, one of the judges of the municipal court of Chicago, to grant leave to file in the court of which he was a judge, an information which had been presented to him charging Jacob L. Kesner with refusing, neglecting and failing to file with the board of assessors of Cook county a schedule of his personal property, which was alleged to be a violation of the statute. The petition contained a copy of the information and averred that evidence was produced to the judge to substantiate its statements, and that he refused the information to be filed because section 24 of the Revenue act of 1872, as amended in 1879, making a refusal, neglect or failure to list personal

property a misdemeanor, was repealed by the Assessment act of 1898. The defendant demurred to the petition, and the parties entered into a stipulation that the facts set forth in the petition were true, (which, of course, the demurrer had admitted,) and that if section 24 of the Revenue act of 1872, as amended in 1879, was still in force the court should award a peremptory writ of *mandamus.* The court sustained the demurrer and dismissed the petition. The Appellate Court for the First District affirmed the judgment on appeal and granted a certificate of importance and a further appeal to this court.

The Revenue act of 1872 not only provided for the assessment of property but it covered the whole subject of revenue, and provided what property should be assessed and taxed, what should be exempt from taxation, what should be treated as personal property, provided for the collection of taxes by township and county collectors, for proceedings in court for judgment and sale, the sale of delinquent lands, suits against collectors, and every other matter connected with securing revenue. It mingled in one act all the different processes of valuing and assessing property and extending and collecting taxes. It was entitled "An act for the assessment of property and for the collection of taxes," and constituted chapter 120 of the Revised Statutes of 1874. Section 24 of that act of 1872, as amended in 1879, provided that each person required to list personal property should make out under oath and deliver to the assessor a schedule of the numbers, amounts, quantities and quality of all personal property in his possession or under his control and required to be listed for taxation by him, with this provision for a penalty for disobedience: "And if any person shall refuse to make such schedule under oath, then the assessor shall list the property of such person according to his best judgment and information and shall add to the valuation of such list an amount equal to fifty per cent of such valuation and if any person making such schedule shall swear falsely he shall be guilty of perjury and punished ac-

cordingly. Any person so required to list personal property who shall refuse, neglect or fail when requested by the proper assessor, so to do, shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined in any sum not exceeding $200."

In 1898 the General Assembly took out of the Revenue act the subject of the assessment of property and made a revision of that subject by the act entitled "An act for the assessment of property and providing the means therefor, and to repeal a certain act therein named." It contained an express repeal of the act passed in 1893, which has no relation to this case, and that was the only express repeal in the act. By section 55 it was provided that all of the provisions of the general Revenue law in force prior to the taking effect of the act should remain in force and be applicable to the assessment of property and the collection of taxes, except in so far as by that act was otherwise expressly provided. Of course, the General Assembly had no intention to provide by that section that everything in the general Revenue law relating to the assessment of property should remain in force except where the later act provided that it should not be, which would be foolish. The evident meaning of that section is that the provisions of the Revenue act remain in force except where a different provision was made by the later act. So far as the assessment of property was concerned as one of the branches of the Revenue law, the act of 1898 was intended as a substitute for the provisions of the Revenue act. Section 19 dealt with the duty of the property owner to make a schedule of his personal property, and the penalty for refusal, neglect or failure to make the same is as follows: "The assessor shall require every person to make, sign, and swear to the schedule provided for by this act. If any person shall refuse to make the schedule herein required, or to subscribe and swear to the same, the assessor shall list the property of such person according to his best knowledge, information and judgment, at its fair cash value, and shall add to the

valuation of such list an amount equal to fifty per cent of such valuation. Whoever in making such schedule shall willfully swear falsely in any material matter shall be guilty of perjury and punished accordingly."

It will be noted that the provisions of section 19 are the same as those of section 24 of the Revenue act, with the omission of the provision making the property owner refusing, neglecting or failing to make and swear to the schedule guilty of a misdemeanor. The settled rule is that a subsequent statute revising the subject matter of the former one and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised. (*Illinois and Michigan Canal* v. *City of Chicago,* 14 Ill. 334; *Culver* v. *Third Nat. Bank of Chicago,* 64 id. 528; *Schwartz* v. *Ritter,* 186 id. 209; *State Board of Health* v. *Ross,* 191 id. 87; 36 Cyc. 1079.) It is also the rule that when a section of a statute is re-enacted and a part omitted there is a presumption of the intention on the part of the legislature to repeal the omitted provision. The act of 1898 is peculiar in the fact that it takes a particular subject out of the general Revenue act and revises that subject, but that fact furnishes no reason for a different rule of law concerning the particular subject revised.

The character of the act of 1898 as covering the subject of the assessment of property has been settled by decisions of this court. The act first came before the court in the case of *People* v. *Commissioners of Cook County,* 176 Ill. 576, in which Hetty H. R. Green by an original petition in this court sought to have a writ of *mandamus* issued to the county board to review her assessment. It was admitted that her property was valued greatly higher than other lands in the same vicinity, but it was decided that she could have no relief because the new act took away the right of county commissioners to review the assessment. Section 41 provided that the county board should not thereafter have certain powers of review, and the new law had not taken

effect so far as its provision for a board of review was concerned. There was as yet no board of review, and section 55 was relied on as keeping in force all the provisions of the general Revenue law except so far as otherwise expressly provided in the new act. Although there was not and could not be any board of review until the following year, the new act was regarded as the only one furnishing any remedy to a property owner unjustly assessed. The act came again before the court in the case of *People* v. *Knopf,* 183 Ill. 410, in December, 1899. The assessment for that year had been made under the act of 1898, and if the act were held to violate the constitution as a mere amendment of the Revenue act and not a complete law for the assessment of property the assessment and levy of taxes thereunder would have been void. The State would have been without means to carry on the government and maintain its penal or charitable institutions and all municipalities and agencies of the government would have been helpless. The question whether the act of 1898 was a complete law in itself was considered and the rules of law stated, and it was said that the questions were to be looked at in the light of the rule that an act within the legislative power is to be sustained as constitutional if it can reasonably be done, and the reason for giving the rule its utmost force in the case was especially cogent on account of the conditions, which were plainly apparent to everyone. The act was characterized as patchwork legislation because it left in force various provisions closely related to the assessment of property, but it was held that the act provided for an entire new system of making the assessment and the basis of it with new methods of procedure, and that it was substantially complete in itself as constituting an entire plan for the making of the assessment. We must abide by that decision, for certainly it could not be sufficient for sustaining the act and preventing the disastrous consequences that would have resulted from overturning it and be deemed insufficient as a

mere intermingling of different provisions of the same sections relating to the same subject.

The State's attorney contends that section 24 of the Revenue act and section 19 of the act of 1898 relate to different subjects, so that the rule concerning the repeal does not apply. His argument, in the first place, is, that the addition of fifty per cent to the value of the property as ascertained by the assessor is merely a method of ascertaining the value of the property. To say that the value shall be ascertained and fifty per cent added and the total is still the value would be a contradiction of terms. The fifty per cent is added as a penalty and has been so regarded by this court. (*People* v. *Meacham,* 241 Ill. 415; *Monticello Seminary* v. *Board of Review,* 249 id. 481.) The State's attorney, in the second place, insists that, regarded as a penalty, the addition of fifty per cent violates the constitutional provision that the General Assembly shall provide revenue by levying a tax by valuation so that every person and corporation shall pay a tax in proportion to his, her or its property. It is true that taxes are extended upon the addition as well as the value of the property and the penalty is collected in the form of a tax, but it is immaterial whether the penalty is collected in that way or in some other. The provision has the advantage of making the penalty fit the crime and satisfy the wrong done to the public by the measure of the public injury, so that the refusal to make a schedule in the case of a large estate would impose a greater penalty than in the case of a small estate, where the loss to the public would be trifling.

The provisions of section 24 making the property owner refusing, neglecting or failing to list his personal property guilty of a misdemeanor having been omitted from section 19 of the act of 1898 covering the same subject, was repealed.

The judgment is affirmed.          *Judgment affirmed.*