## Odin M. Wright, a Minor, by His Next Friend, S. C. Wright, Appellant, v. Stresenreuter Brothers, Incorporated, Appellee.

1. STATUTES—*Child Labor Act of 1917 as amended as repeal of former acts.* The Child Labor Act of 1917 as amended in 1921 operated as a revision of the whole subject matter of Child Labor covered by the former act of 1897 and was intended as a substitute for that act so that it operated as a repeal thereof though it contains no express word to that effect.

2. APPEAL AND ERROR—*appeal to Appellate Court as waiver of constitutional questions.* Whether the Child Labor Act of 1921 is unconstitutional cannot be considered by this court and by appealing to this court appellant waived all questions as to the constitutionality of the act.

3. MASTER AND SERVANT—*when demurrer to replication based on repealed statute properly overruled in negligence action.* In an action for damages for personal injuries to a boy under 16 years of age while employed by defendant based on the theory that plaintiff was unlawfully employed under Section 6 of the Child Labor Act of 1897, and therefore was not subject to the provisions of the Workmen's Compensation Act, Cahill's Ill. St. ch. 48, ¶¶ 201-236, and it appears that the act of 1897 has been repealed by the Child Labor Act of 1917 as amended by the act of 1921, and defendant's pleas having alleged that the employment of plaintiff was not such as by the Department of Labor had been found to be dangerous to the lives and limbs of minors under the age of 16 years, the trial court properly sustained a demurrer to plaintiff's replication to such pleas.

Appeal by plaintiff from the Circuit Court of Lawrence county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

PHILIP W. BARNES and GEE & GEE, for appellant.

McGAUGHEY, TOHILL & McGAUGHEY and CRAIG & CRAIG, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action of trespass on the case brought by appellant, Odin M. Wright, a minor, by his next friend, against appellee, Stresenreuter Brothers, incorporated, to recover damages for personal injuries claimed to have been sustained by appellant while in the employment of appellee. The declaration as finally amended alleged in substance that appellant on the 31st day of May, 1923, was employed by appellee to operate a "dinkey train" consisting of a locomotive and train of cars, in the hauling of material for the construction of a road in Lawrence county; that appellant was then 15 years of age; that while so employed by appellee and while using due care for his own safety appellant by reason of a defective brake on said train was thrown therefrom and fell under

the wheels thereof and was injured so that his foot was entirely severed except the heel, and that he permanently lost the use of his foot. To this declaration appellee filed two pleas. The first of these pleas categorically denied that at the time of the alleged injury appellant was engaged in any of the work prohibited to minors under the age of 16 years under section 10 of the Child Labor Act of 1921, and alleged that at the time of the injury complained of appellee was then and there engaged in carriage by land and loading and unloading in connection therewith and employed more than three employees in such business, and that appellant was engaged as a brakeman upon the cars of appellee, and that his injuries were received in the course of such employment; that by virtue of the enterprise and employment in which appellee and appellant were then engaged appellant was bound by the provisions of the Workmen's Compensation Act of this state; that appellant was also automatically bound by the provisions of that Act, and that an action on any other statute or at common law to recover damages for such injury could not be maintained by appellant.

The second plea denied that at the time of the injury appellant was employed in any of the employments forbidden by section 10 of the Child Labor Law of this state approved June 26, 1917, as amended by Act of July 13, 1921. It was also alleged that at the time of the injury appellee was then and there engaged in the erecting, maintaining, removing, remodeling and altering of a structure; that appellant was employed by appellee in such work and that while in such employment appellee suffered the injury complained of; that by reason of such facts both appellant and appellee were automatically bound by the provisions of the Workmen's Compensation Act of this state and appellant's only remedy for such injuries is under the Workmen's Compensation Act.

To these pleas appellant filed a replication alleging that his employment at the time of the injury was of such character as to be dangerous to his life and limb; that under section 6 of the Child Labor Act approved June 8, 1897, and in force July 1, 1897, his employment in such work was unlawful, and that by reason of that section of the Act of 1897, he was not bound by the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶¶ 201-236], but could maintain this action at law to recover damages for his injuries. The trial court sustained a demurrer to this replication. Appellant elected to abide his replication and judgment was entered on the pleadings against him. To reverse that judgment this appeal has been perfected. The character of the work which the pleas alleged appellant was engaged in at the time of the injury clearly brings this case within the character of employment contemplated by the Workmen's Compensation Act. Section 5 [Cahill's Ill. St. ch. 48, ¶ 205] of that Act provides that it includes "minors who are legally permitted to work under the laws of the State." Section 6 of the Child Labor Act of 1897 provides: "No child under the age of sixteen years shall be employed, or permitted or suffered to work by any person, firm or corporation in this State at such extra hazardous employment whereby its life or limb is endangered, or its health is likely to be injured, or its morals may be depraved." It is the contention of appellant that this section of the 1897 Act is still in force and that therefore appellant was not legally permitted to be employed in this work by appellee, and therefore is not subject to the Workmen's Compensation Act and can maintain this action at law. Appellee contends that this section is no longer in force, but has been repealed and that the only statute now in force concerning the employment of minors under 16 years of age in this nature of work is section 10 of the Child Labor Act of 1917 as amended in 1921. That section after

specifying certain character of work in which such minors shall not be employed, provides that they shall not be employed "in any capacity whatever in any employment that the Department of Labor finds to be dangerous to their lives or limbs." Both of the pleas filed by appellee allege that at the time of his injury appellant was not employed in any employment that the Department of Labor had at that time or since found to be dangerous to the lives or limbs of minors under the age of 16 years.

The trial court sustained the demurrer to the replication upon the theory that section 6 of the Child Labor Act of 1897 [Cahill's Ill. St. ch. 48, ¶ 39] has been repealed and that the facts set forth in the plea showed that appellant at the time of the injury was subject to the Workmen's Compensation Act and could not therefore maintain this action at law.

The sole question before this court on this record is whether or not section 6 of the Act of 1897 has been repealed. If not, it prohibits the employment of a minor under 16 years of age in the work in which appellant was engaged at the time of his injury, and he therefore can maintain this action at law, and it was error to sustain the demurrer. To determine this question it is necessary to consider the various acts of the legislature concerning the employment of minors under 16 years of age. The first act on this subject was an act entitled "An Act to prevent child labor" approved June 17, 1891, in force July 1, 1891. This Act consisted of five short sections and provided in substance that it was unlawful to employ any child under 13 years of age except such child was the means of support of an aged or infirm relative in whole or in part dependent upon such child, and that a board of education issue a certificate authorizing the employment. This Act also provided that such certificate should not issue unless the child had attended school for at least eight weeks in the current school year and

provided penalties for violation thereof. This Act which was very meager was followed by an act entitled "An Act to regulate the employment of children in the State of Illinois, and to provide for the enforcement thereof" approved June 9, 1897, and in force July 1, 1897. Said Act contained 9 sections, exclusive of one providing that all acts or parts of acts inconsistent therewith were thereby repealed, and regulated the employment of minors much more fully and completely than did the Act of 1891. This is the Act which contained the section above quoted and which appellant contends is still in force. The Act of 1897 was followed by an act entitled "An Act to regulate the employment of children in the State of Illinois, and to provide for the enforcement thereof" approved May 15, 1903, and in force July 1, 1903. This Act contained 14 sections, exclusive of the section expressly repealing the Act approved June 17, 1891, in force July 1, 1891, and all other acts and parts of acts in conflict therewith. It was more comprehensive than the Act of 1897 and still more fully regulated the employment of minors than did that Act. It contains substantially all the subject matter of each of the sections, although in somewhat different language in some instances, of the Act of 1897 except section 8 defining certain terms and section 9 providing penalties for violation of the Act. It also contained much more matter pertaining to the administration and enforcement of the Act than did the Act of 1897. Section 11 of the Act of 1903 is the section covering the same subject matter as section 6 of the Act of 1897 from which it differs in some respects. Section 11 of the Act of 1903 provides that no child under the age of 16 years shall be employed at any of the many kinds of work therein specified and further provides that they shall not be employed "in any other employment that may be considered dangerous to their lives or limbs, or

where their health may be injured or morals depraved'' which is substantially the same as the language of section 6 of the Act of 1897. It should be noted that the title of the Acts of 1897 and 1903 are identical and that the Act of 1903 expressly repeals the Act of 1891, but does not expressly repeal the Act of 1897. The next legislation on this subject was an act entitled ''An Act concerning child labor, and to repeal an Act entitled, 'An Act to regulate the employment of children in the State of Illinois, and to provide for the enforcement thereof,' approved May 15, 1903, in force July 1, 1903'' approved June 26, 1917, and in force July 1, 1917. This Act of 1917 contains practically all of the regulations of the Act of 1903 and still further enlarges the scope of that legislation. Section 10 of the Act of 1917 is substantially the same as section 11 of the Act of 1903, and after providing that no minors under the age of 16 years should be employed in numerous classes of work therein specified, further provided that they should not be employed ''in any capacity whatever in any employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved.'' The Act of 1917 expressly repealed the Act of 1903 and all acts and parts of acts in conflict therewith. Section 14 of the Act of 1917 also expressly provided that no provision thereof should be construed so as to deprive any minor under the age of 16 years, who is now employed under the provisions of the Act of 1903, of that employment or other employment. In 1921 an act was passed by the legislature entitled ''An Act to amend 'An Act concerning Child Labor and to repeal an Act entitled, ''An Act to regulate the employment of children in the State of Illinois, and to provide for the enforcement thereof,'' approved May 15, 1903, in force July 1, 1903,' approved June 26, 1917, in force July 1, 1917.'' [Cahill's Ill. St. ch. 48, ¶ 44 et seq.] This Act con-

tained the same number of sections as the Act of 1917 and the subject matter of each section thereof corresponds with the same numbered section of the Act of 1917 and in many instances the corresponding sections were identically the same. No substantial changes were made except in section 10 [Cahill's Ill. St. ch. 48, ¶ 53]. That section of the Act of 1921 named one more specific kind of work in which minors under the age of 16 years should not be employed than did section 10 of the Act of 1917 and instead of the words in that section of the 1917 Act stating that minors should not be employed "in any capacity whatever in any employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved," section 10 of the 1921 Act provided that such minors should not be employed "in any capacity whatever in any employment that the Department of Labor finds to be dangerous to their lives or limbs, or where their health may be injured or morals depraved." That section of the Act of 1921 is now in force and as above stated was the only substantial change which the Act of 1921 made in the Act of 1917.

It is first contended by appellee that the language of section 10 of the Act of 1917, as amended in 1921, is so strongly in conflict and repugnant to section 6 of the Act of 1897 that it must by necessary implication operate as a repeal of that section of said Act. This section of the Act of 1897 expressly provided that such minor should not be employed in "such extra hazardous employment whereby its life or limb is in danger, or its health is likely to be injured, or its morals may be depraved." Practically this same provision after the specifying of certain employments in which minors should not be employed was carried in section 11 of the Act of 1903, which expressly repealed the act of 1891, but not the act of 1897. The same language was used in section 10 of the Act of 1917 after specifying

the same employment in which minors should not be engaged as did the Act of 1903 and this Act expressly repealed the Act of 1903, but not the Act of 1897. In our opinion neither section 11 of the Act of 1903 nor section 10 of the Act of 1917 (neither of which acts expressly repealed the Act of 1897) was so inconsistent and repugnant to the language used in section 6 of the Act of 1897 as to repeal that section by implication. In the Act of 1921 this language and provision of section 6 of the Act of 1897 which had been carried almost identically into the Acts of 1903 and 1917 is omitted and in lieu thereof is found the language that such minors shall not be employed "in any capacity whatever in any employment that the Department of Labor finds to be dangerous to their lives or limbs, or where their health may be injured or morals depraved."

Appellee further contends that each of the subsequent Child Labor Acts above set forth and especially the Act of 1917 as amended in 1921 is a revision of the whole subject matter of child labor employment and that the new statutes evince a legislative intention to substitute the provisions of the new law for the old law upon the subject and therefore operates as a repeal of the former law although it may contain no express words to that effect. This presents a much more serious question. It is undoubtedly the well-established doctrine of this state, that the revision of the whole subject matter of a former statute by a new statute evinces a legislative intention to substitute the provision of the new law for the old law upon that subject and operates as a repeal of the same, although the new statute contains no express words to that effect. This doctrine is especially laid down by the Supreme Court of this state in the case of the *People v. Town of Thornton*, 186 Ill. 162, and is supported by a line of cases therein cited. This doctrine was also recognized and followed by the Supreme

Court in the cases of *State Board of Health v. Ross,*
191 Ill. 87; *People v. Fisher,* 274 Ill. 116; *Klein v.
Klein,* 276 Ill. 520, and *People v. Williams,* 309 Ill. 492.
In the last case above cited the Supreme Court held
that the Prohibition Act [Cahill's Ill. St. ch. 43] of
this state is a revision of the whole subject under the
amendment of the Federal Constitution and was in-
tended as a substitute for the Local Option Act of
1907 on that subject and operated as a repeal thereof,
although it contained no express repealing clause. An
examination of the Act of 1917 as amended in 1921
shows that it is a complete revision of the whole sub-
ject matter of child labor covered by the former act of
1897. It is a complete and perfect system in itself and
more complete and more perfect in detail than the Act
of 1897. We are of the opinion that it was intended as
a substitute for the Act of 1897 and it so operated as
a repeal of that Act, under the authorities above re-
ferred to, although it contains no express words to
that effect. To sustain his contention that section 6
of the 1897 Act has not been repealed, appellant re-
lies upon the cases of *Moll v. Industrial Commission,*
288 Ill. 347; *Pertell v. Philadelphia & Reading Coal &
Iron Co.,* 167 Ill. App. 125, and *Jefferson Theatre Pro-
gram Co. v. Crejczyk,* 125 Ill. App. 1. The *Moll* case
was decided by the Supreme Court in 1919. The in-
jury complained of in that case occurred on Septem-
ber 19, 1916. The Supreme Court in that case, follow-
ing former decisions, held that the Workmen's Com-
pensation Act does not apply to minors who are ille-
gally employed and that under section 6 of the Child
Labor Act of 1897 the employment of a minor under
16 years of age in that extra hazardous employment
was illegal. At the time of the injury complained of
in that case the Act of 1903 was in force. Under our
holding in this case, that Act being a complete and
perfect system in itself would operate to repeal the
Act of 1897. A reading of the opinion of the Supreme

Court in the *Moll* case would seem to show that the Supreme Court treated the Act of 1897 as being in force, but it does not show that this question was presented or argued to the Supreme Court in that case. It is also to be noted that the provisions of the Act of 1903 in force at the time of the injury involved in that case in regard to the employing of minors in extrahazardous employments was practically the same as the Act of 1897, and the employment of a minor under 16 years of age in such work would be illegal and he would not be subject to the provisions of the Workmen's Compensation Law, but would have a right to recover in an action at common law, and the question whether the Act of 1897 was in force or not was not necessarily considered. But in any event as pointed out above, the language of the Act of 1921 now in force is much different from the language of any statute prior thereto relative to the employing of minors in extra-hazardous employment and affords much better grounds for holding that the Act of 1897 has been repealed, than existed at the time of the decision of the *Moll* case.

In the case of *Pertell v. Philadelphia & Reading Coal & Iron Co., supra*, the Appellate Court of the First District in considering whether or not section 8 of the Act of 1897 [Cahill's Ill. St. ch. 48, ¶ 41] had been repealed by the Act of 1903 said: "The evident purposes of the Act of 1903 are better to define the extra-hazardous occupations from which by the Act of 1897 the legal employment of youth between 14 and 16 were withdrawn, to provide further conditions in the nature of prior school attendance and teaching in case of employment at all of such persons, to shorten the hours allowed for children's work, and to provide more efficient machinery for the enforcement of the Act. The Act of 1903 was in nowise intended otherwise to repeal or conflict with the law of 1897, and while expressly repealing a Child Labor Act of 1891,

it does not mention the Act of 1897." In that case the court held that section 8 of the Act of 1897 was still in force. That section of the Act of 1897 simply defines certain terms used in other places in the Act. In the *Jeffersonville Theatre Company* case, the other case relied upon by appellant, the injuries occurred on June 30, 1902, which was prior to the enactment of the Act of 1903. The contention was made in that case that the Act of 1897 was repealed by the Act of 1903. The Appellate Court of the First District held that there were two valid answers to this contention: (1) that section 2 and chapter 131 of the Revised Statutes [Cahill's Ill. St. ch. 131, ¶ 2] of Illinois providing that: "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions" was plainly applicable; (2) that under section 4 [Cahill's Ill. St. ch. 131, ¶ 4] of the same statute which provides that: "No new law shall be construed to repeal a former law * * * as to any right accrued, or claim arising under the former law" etc., was also applicable to the question under consideration. But the language in the Act of 1921 is not the same as the language in the Act of 1897 and the injury in question here occurred subsequent to the enactment of the statute of 1921, consequently the principles there announced do not apply to the facts appearing on the record in this case. In the later case of *Devine v. Armour & Co.*, 159 Ill. App. 74, the Appellate Court of the First District expressly held that section 6 of the Act of 1897 was repealed by sections 11 and 15 of the Act of 1903.

Appellant further contends that the Act of 1917 as amended in 1921 gives to the Department of Labor legislative power and it is therefore unconstitutional. As to whether the Act of 1921 is for that reason unconstitutional, cannot be considered by this court.

Appellant by appealing to this court waived all questions as to the constitutionality of that statute. *Case v. City of Sullivan*, 222 Ill. 56; *Drtina v. Charles Tea Co.*, 281 Ill. 259, and *Edwardsville v. Central Union Telephone Co.*, 302 Ill. 362, 364. It is a significant fact to be considered here that section 14 of the Act of 1917 provides that that Act should not be construed so as to deprive any minor under the age of 16 years of any employment he was then engaged in under the Act of 1903, which was thereby expressly repealed, but did not also provide that such acts should not be construed so as to deprive any such minor of any employment then engaged in under the Act of 1897, thus indicating that the Act of 1903 was to be considered as the only act in force prior to 1917 regulating the employment of minors. This fact when considered in connection with the more convincing fact that, as we view it, the Act of 1917, as amended in 1921, is a revision of the entire subject of the employment of child labor and is a complete and perfect system in itself forces us to the conclusion that section 6 of the Act of 1897 is no longer in force, and that appellant, under the pleadings in this case, is bound by the Employer's Compensation Laws of this state and therefore cannot maintain this action at law, and that the trial court did not err in sustaining the demurrer to his replication.

For the reasons above given the judgment of the court below will be affirmed.

*Affirmed.*